RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 28 2007

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ASANTE S. GUILFORD                :
                                  :
    Plaintiff,                    :
                                  : CIVIL ACTION FILE NO.
    v.                            : **1 07·MI-0431**
                                  :
MARKETSTAR CORPORATION, et al.,   :
ALAN HALL,                        :
E. J. HARRIS,                     :
BARRY WAGNER,                     :
DEBORAH ZANGARA,                  :
DAVID TREADWAY,                   :
KAREN KING,                       :
JODIE NICOTERA,                   :
PAUL STOUT,                       :
JEFF BAUMGARTNER,                 :
ERIC LISTER,                      :
                                  :
AND                               :
                                  :
CISCO SYSTEMS, INC., et al.,      :
JOHN CHAMBERS,                    :
RICHARD JUSTICE,                  :
ROBERT LLOYD,                     :
DOUGLAS DENNERLINE,               :
JEFF FLOWERS,                     :
BOB COOPER,                       :
PAT ROMZEK,                       :
JOHN CAMPBELL,                    :
JOE LOHMEIER,                     :
CARLE HELLE,                      :
DEAN McCARLEY,                    :
JOANNE ADDUCCI-SCHULZ,            :
DENNIS ODNEAL,                    :
KIM FALLS,                        :
RUSTY SIMONIS,                    :

|                                                      |   |
|------------------------------------------------------|---|
| AND                                                  | : |
| CISCO SYSTEMS SALES & SERVICES, D/B/A CISCO SYSTEMS, INC., | : |
| AND                                                  | : |
| CISCO SYSTEMS CAPITAL CORPORATION, D/B/A CISCO SYSTEMS, INC. | : |
| AND                                                  | : |
| OMNICOM GROUP INC., D/B/A OMNICOM MANAGEMENT, INC., JOHN WREN, RANDALL WEISENBURGER, MICHAEL O'BRIEN, | : |
| Defendants.                                          | : |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Asante S. Guilford, Plaintiff in the above captioned civil action, and hereby states her complaint against the above-named Defendant(s) as follows:

### I. JURISDICTION AND VENUE

1.

**This Court has jurisdiction of the claim herein pursuant to 28 U.S.C. §§ 1331 and 1343(4) and pursuant to 706(f) of Title VII, 42 U.S.C. § 2000e-5-(f)** Title VII, 42 U.S.C. § 2000e-2(a)(1). This civil action arises under the Constitution and laws of

the United States. Plaintiff is alleging violation of her rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e et. seq. for damages based on unlawful employment practices committed by the Defendant(s).

2.

This Court has pendant jurisdiction to hear and adjudicate Plaintiff's state law claims against the Defendant(s).

3.

The claims asserted in this complaint arose in the above named district and division. Plaintiff is a citizen of the United States and was a resident of the County of Fulton, State of Georgia, during the course of her employment with the Defendant(s). Plaintiff currently resides at 3501 Downing Drive, Cumming, GA 30340 in Forsyth County.

4.

Defendant(s) MarketStar Corporation (hereinafter referred to as "MarketStar"), Cisco Systems, Inc.(hereinafter referred to as "Cisco") and OmniCom Group, Inc., D/B/A, OmniCom Management Inc., a division of OmniCom Group (hereinafter referred to as "OmniCom") are "employers" engaged in an industry that affects commerce and employs more than fifteen (15) people, qualifying them as "employers" within the meaning of Section 701 (b) for the purposes of Title VII under 42 U.S.C. § 2000e(b).

5.

**Venue herein is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3).** Defendant is either a corporate resident (or agent of such corporate resident) of the State of Georgia doing business therein, and the alleged unlawful employment

practice was committed within the State of Georgia, in the Northern District thereof.

## II.   PARTIES

6.

Plaintiff Asante S. Guilford is a female citizen of the State of Georgia and entitled to bring actions of this kind and nature.

7.

Plaintiff is an "employee" within the meaning of 29 U.S.C. § 203(e) and 42 U.S..C. § 20e(f).

8.

From September, 2005 until approximately June 14, 2006, Ms. Guilford was employed by the Defendant(s) in a inside sales representative position, as a U.S. Commercial Account Manager for the Central Region (Wisconsin Territory) and later transferred to the South Region (Houston Territory).

9.

Defendant(s) "MarketStar", "Cisco" and "OmniCom", are corporation(s) doing business within the State.

10.

Defendants are "employers" within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

11.

Defendant "MarketStar" may be served by perfecting service on its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300,

Norcross, GA 30092 (Gwinnett County), Defendant "Cisco" may be served by perfecting service on its registered agent The Prentice-Hall Corporation System at 40 Technology Parkway, Suite 300, Norcross, GA 30092 (Gwinnett County) and Defendant "OmniCom" may be served by perfecting service on its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, GA 30092 (Gwinnett County). All of the conduct alleged below was either perpetrated by, known by, encouraged by, ratified by, and/or condoned by members of "MarketStar" and/or by members of "Cisco", or was the result of negligent or intentional acts on the part of "MarketStar" and/or "Cisco" and/or "OmniCom".

### III.     ADMINISTRATIVE PROCEDURAL REQUIREMENTS

12.

Ms. Guilford, Plaintiff, filed a timely charge of racial and/or sexual/gender discrimination with the Equal Employment Opportunity Commission (hereinafter the "EEOC") on June 13, 2006 and 14, 2006, thereby satisfying the requirements of 42 U.S.C.§ 2000e-5(b) and (e). The Charge was filed within one hundred eighty (180) days of the occurrence of the alleged unlawful employment practices. On or about September 28, 2007, the EEOC issued a "Notice of Right to Sue" letter in favor of Ms. Guilford which was mailed to Plaintiff on October 4, 2007, allowing her to file her Title VII lawsuit against the Defendant(s). The Plaintiff has satisfied all other administrative and procedural prerequisites to the filling of this complaint. Ms. Guilford now files her lawsuit within the ninety-day prescribed time period.

## IV.   FACTUAL ALLEGATIONS

13.

Plaintiff was employed by the Defendant(s), at all times pertinent to the facts of this case, at its place of business at 2325 Lakeview Parkway, Suite 500, Alpharetta, GA, (Fulton County, Georgia).

14.

The primary business of **MarketStar is providing outsourced sales and marketing services to clients in industries such as consumer electronics, packaged goods, technology, and telecommunications, and is part of the Diversified Agency Services, Division of "OmniCom", by virtue of Co-Employment.** MarketStar has offices in numerous states throughout the country.

15.

The primary business of "Cisco" **is selling and leasing of equipment used to link networks and power the Internet to large enterprises and telecommunication service providers, small businesses and consumers, including selling and leasing through the direct channel of "Cisco"/"MarketStar", by virtue of Co-Employment.** Cisco has offices in numerous states throughout the country.

16.

The primary business of "OmniCom" **is selling and consulting of media services, advertising, marketing and public relations operations to serve 5,000 clients, including Diversified Agency Services division, which administers all benefits for "Omnicom"/"MarketStar" Employees, by virtue of Co-Employment.** OmniCom has offices in numerous states throughout the country.

17.

Ms. Guilford was originally hired by "MarketStar"/"Cisco"/"OmniCom" on or about September 12, 2005 and assigned to work at a Cisco location located at 2325 Lakeview Parkway, Suite 500, Alpharetta, GA. Ms. Guilford's employment record with the Defendant(s) was exemplary. For some or all of her employment with the Defendant(s), Ms. Guilford was a subordinate to Adam Hall, E.J. Harris, Barry Wagner, Deborah Zangara, David Treadway, Karen King, Jodie Nicotera, Paul Stout, Jeff Baumgartner, Eric Lister, Clyde Dempsey and Reggie Lee for "MarketStar" and John Wren, Randall Weisenburger, and Michael O'Brien for "OmniCom", and John Chambers, Richard Justice, Robert Lloyd, Douglas Dennerline, Jeff Flowers, Bob Cooper, Pat Romzek, John Campbell, Joe Lohmeier, Carle Helle, and Dean McCarley, Rusty Simonis and Kim Falls for "Cisco". Ms. Guilford was a Co-Worker of Joanne Adducci-Schulz and Dennis Odneal for "Cisco".

18.

In January of 2006, Plaintiff's ability to perform her job duties in the territory she was assigned was called into question because of her race (African-American). Plaintiff reported this to her direct manager, Human Resources and Plaintiff was transferred from that territory, to another territory, at which time the treatment worsened, instead of improving, as a direct result of information shared between management, and Co-workers in the respective territories. After Plaintiff voiced objections to this discriminatory conduct, she was denied the opportunities to work, unlike other employees.

19.

In June of 2006, Plaintiff was terminated from her employment by Defendants.

20.

Plaintiff's race and her actions in reporting racially discriminatory conduct were motivating factors in Defendants' decision to change the terms of her employment and to terminate her employment.

## COUNT I
## VIOLATION OF TITLE VII

21.

Plaintiff incorporates the allegations contained in paragraphs 1 to 20 set forth above as though the same were set forth in length herein.

22.

Plaintiff is a member of a protected class.

23.

At all times relevant to this action, Defendants were "persons" engaged in the "industry affecting commerce" and, in the current or preceding calendar year, has or had 15 or more employees for each working day in 20 or more calendar weeks, thus meeting the definition of "employer" under Title VII.

24.

Defendants violated Title VII, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Plaintiff in terms, conditions and privileges of employment because of her race.

25.

As a direct and proximate result of discrimination Plaintiff has sustained financial losses and suffered emotional harm for which she is entitled to recover.

## Count II

### Section 1981

26.

Plaintiff incorporates the above allegations as if set forth herein.

27.

Based on the foregoing facts, Defendants discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. Section 1981 by denying the right to enter into a contract of employment.

## Count III

### HOSTILE WORK ENVIRONMENT

## Count IV

### DISCHARGE FROM EMPLOYMENT IN RETALIATION FOR EXERCISE OF RIGHTS PROTECTED

## Count V

### DISCRIMINATION BASED ON RACE

## Count VI

### DISCRIMINATION BASED ON SEX

## Count VII

### NEGLIGENT HIRING AND RETENTION

## Count VIII

### NEGLIGENT TRAINING AND SUPERVISION

## Count IX

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

## Count X

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

## Count XI

**DEFAMATION OF CHARACTER**

## Count XII

**LIABLE**

## Count XIII

**SLANDER**

## Count XIV

**WRONGFUL TERMINATION**

## Count XV

**VIOLATION OF ERISA**

## Count XVI

**PUNITIVE DAMAGES**

## Count XVII

**COMPENSATORY DAMAGES**

## Count XVIII

**PERSONAL INJURY**

### 28.

This complaint is without prejudice to the right of Plaintiff to seek modification and/or amendment of this Complaint by further order of the Court, upon motion and notice.

WHEREFORE, Plaintiff prays for Relief as follows:

1. An order pursuant to 42 U.S.C. § 2000e-5(g)(1), permanently enjoining Defendants, its commissioners, trustees, managers, and employees based upon their participation in the proceeding or opposition to an employment practice that is unlawful under Title VII;

2. Entry of judgment in favor of Plaintiff for back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship, in an amount to be determined by the enlightened conscience of a jury; and

3. Entry of judgment in favor of Plaintiff for front pay to compensate for the Plaintiff's lost employment opportunity; and

4. Entry of judgment in favor of Plaintiff for punitive damages, because Defendant's conduct was unreasonable, oppressive and such as would shock the conscience of a reasonable person; and

5.  Entry of judgment in favor of Plaintiff for compensatory damages to compensate Plaintiff for her pain and suffering and other physical and emotional injuries; and

6.  Entry of judgment in favor of Plaintiff for the costs, including attorney's fees, of the trial of this claim and any appeal, and

7.  Entry of judgment in favor of Plaintiff for any other relief to which the Plaintiff is justly entitled; and

8.  Entry of judgment in favor of Plaintiff for any equitable relief this Court deems just and appropriate

9.  Order for Plaintiff for such other and further relief, as the Court deems just and appropriate; and

10. Grant Plaintiff a trial by jury as to all issues.

Respectfully submitted, this 26th day of December, 2007

_____
Asante S. Guilford, MBA
Plaintiff, Pro se